IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| Kenneth Ray Mitchell, | ) | C/A No. 3:12-153-CMC-PJG |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| S.C., State of; Richland. Co. (ALL) Ect., | ) | |
| Defendants. | ) | |

Plaintiff, Kenneth Ray Mitchell, ("Plaintiff"), proceeding *pro se*, brings this civil action pursuant to 42 U.S.C. § 1983.[1] This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. Plaintiff is a local pre-trial detainee and files this action *in forma pauperis* under 28 U.S.C. § 1915. Having reviewed the Complaint in accordance with applicable law, the court concludes that it should be summarily dismissed.

**BACKGROUND**

This court takes judicial notice that Plaintiff, while a pretrial detainee at the Alvin S. Glenn Detention Center, filed a prior civil action pursuant to § 1983 on October 20, 2011, which this court dismissed without prejudice on January 17, 2012. (See Opinion and

---

[1] Not itself a source of substantive rights, § 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by "person(s)" acting "under color of state law." See Jennings v. Davis, 476 F.2d 1271 (8th Cir. 1973). The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails. See McKnight v. Rees, 88 F.3d 417(6th Cir. 1996). To state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that: (1) individual defendant(s) deprived him of a federal right, and (2) did so under color of state law. Gomez v. Toledo, 446 U.S. 635, 640 (1980); see Hall v. Quillen, 631 F.2d 1154, 1155-56 (4th Cir. 1980).

Order, Mitchell v. Lewis, C/A No. 0:11-2860-CMC (D.S.C. Jan. 17, 2012), ECF No. 15.) In that action, Plaintiff alleged, among other things, that he was wrongfully in jail and that the criminal proceedings against him constituted harassment. (See Report and Recommendation, Mitchell v. Lewis, C/A No. 0:11-2860-CMC-PJG (D.S.C. Jan. 4, 2012), ECF No. 11.) Also, this court took judicial notice of the following:

> [A]ccording to the Richland County Fifth Judicial Circuit Court's Public Index web site, Plaintiff is charged with possession of a stolen vehicle (case number: M723879; arrest date: 07/13/2011; indictment number: 2011GS4004318; true bill date: 09/08/2011). Plaintiff also has a pending Richland County General Sessions Court charge of assault of a high and aggravated nature (case number: I938379; arrest date: 08/22/2010; indictment number: 2011GS4000363; true bill date: 01/19/2011). See http://www4.rcgov.us/PublicIndex/Default.aspx (last visited November 16, 2011); Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'"). The court also takes judicial notice that, according to the Alvin S. Glenn Detention Center's Offender Information web site, Plaintiff was booked into the facility on 07/13/2011 and is being held in lieu of a $25,000 surety bond. See https://jail.richlandonline.com/public/default.aspx (last visited November 16, 2011). See Williams v. Long, 585 F.Supp.2d 679, 687-88 (D. Md. 2008) (collecting cases in which courts have found postings on government web sites as inherently authentic or self-authenticating).

(See id., ECF No. 11 at 2, n.2.)

In the instant action, which Plaintiff filed on January 13, 2012, he names as defendants[2] the State of South Carolina and Richland County. (ECF No. 1 at 2.) Plaintiff alleges that he is wrongfully imprisoned on the same pending charges described above. For example, he states that in case number "I-938379 . . . Indictment: 2011GS4000363 .

---

[2] In the caption of the Complaint, Plaintiff also lists "ALL Ect.," and he submitted proposed service documents for Sheriff Leon Lott, Chief Justice Jean Toal, J. Pope Middleton, S.C. Attorney General Allen Wilson, and Governor Nikki Haley. (ECF No. 3.) Thus, it is not clear precisely whom Plaintiff intends to sue.



. . No Bodily Harm! With No wepon,! No Phically Injury!"[3] (ECF No. 1 at 7.) He alleges that he is "Guilty awaiting a deal! Never Trial . . ." (Id.) Plaintiff asserts that the other case is "M-723879 . . . Indictment No: 2011GS4004318 . . ."[4] (Id.) He complains that the charges against him "are prusume to be True!" (Id.) Plaintiff asserts that he is innocent of those charges, and his public defender attorney has not complied with his wishes and is not qualified to handle his cases. (ECF No. 1 at 6, 10.) He alleges that the charges are "a blunder of nonexistening facts" and based on "lies." (ECF No. 1 at 8-9.) Plaintiff alleges that his arrests were false and that he wrongfully has been imprisoned for 188 days. (ECF No. 1 at 4.) He alleges that the Richland County Sheriff, the Sheriff's deputies, and the solicitors have acted illegally. (ECF No. 1 at 5, 10.) Plaintiff alleges that there is "a pattern of dirty practice" by the Richland County Sheriff's Office. (ECF No. 1 at 3.) Plaintiff claims that his due process rights have been violated, and he seeks money damages from the state. (ECF No. 1 at 4, 6, 11.) Plaintiff requests relief from this court because he believes that it should apply higher standards to the state's actions. (ECF No. 1 at 12.)

## INITIAL REVIEW GENERALLY

Title 28 U.S.C. § 1915A(a) requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." The *in forma pauperis* statute authorizes the District Court to dismiss a case if it is satisfied that the action is frivolous or fails to state a claim on which relief may be granted. 28 U.S.C. §1915(e)(2)(B)(I) and (ii). As a *pro se* litigant, the plaintiff's

---

[3] This appears to be the charge of assault of a high and aggravated nature.

[4] This appears to be the charge of possession of a stolen vehicle.

Page 3 of 10



pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by lawyers. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). The requirement of liberal construction does not mean, however, that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990).

## DISCUSSION

"The Supreme Court has repeatedly instructed that 'federal courts have a strict duty to exercise the jurisdiction that is conferred upon them by Congress.' " Martin v. Stewart, 499 F.3d 360, 363 (4th Cir. 2007). Abstention doctrines are rare exceptions to a federal court's duty to exercise the jurisdiction conferred upon it. Id. Because the Supreme Court seeks to ensure that abstention is the exception and not the rule, it has instructed the lower courts when abstention is permissible. Id. In Younger v. Harris, 401 U.S. 37 (1971), the United States Supreme Court held that a federal court should not interfere with ongoing state criminal proceedings "except in the most narrow and extraordinary of circumstances." Gilliam v. Foster, 75 F.3d 881, 903 (4th Cir. 1996). From Younger and its progeny, the United States Court of Appeals for the Fourth Circuit has culled the following test to determine when abstention is appropriate: "(1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise federal claims in the state proceedings." Martin Marietta Corp. v. Maryland Comm'n on Human Relations, 38 F.3d 1392, 1396 (4th Cir. 1994) (citing Middlesex Cnty. Ethics Comm'n v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982)).

In this case, Plaintiff is clearly involved in an ongoing state criminal proceeding. The second criterion has been addressed by the Supreme Court: "[T]he States' interest in



administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief." Kelly v. Robinson, 479 U.S. 36, 49 (1986). The Supreme Court also addressed the third criterion in noting that " 'ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights.' " Gilliam v. Foster, 75 F.3d 881, 903 (4th Cir. 1996) (quoting Kugler v. Helfant, 421 U.S. 117, 124 (1975)). Here, although Plaintiff alleges that he seeks damages, he also implicitly seeks interference with the pending state criminal proceedings. The Complaint seems to request that this court should find that Plaintiff is wrongfully being held on charges which are based on lies, that his attorney has committed misconduct, that the solicitors and law enforcement officers have committed misconduct, and that he is innocent. If this court were to rule on any of those issues, it would be interfering with matters which are before the state court. This court finds that because Plaintiff should be able to vindicate his federal constitutional rights in the state proceedings, during his trial, and in state appellate proceedings, it should abstain on this § 1983 action.

This action also should be dismissed based on Eleventh Amendment immunity. Plaintiff asserts that he seeks damages from the state, but South Carolina has immunity from suit in this court. "[W]e have understood the Eleventh Amendment to confirm the structural understanding that States entered the Union with their sovereign immunity intact.' " Virginia Office for Prot. & Advocacy v. Stewart, 131 S.Ct. 1632, 1637-38 (2011). "A State may waive its sovereign immunity at its pleasure, and in some circumstances Congress may abrogate it by appropriate legislation. But absent waiver or valid abrogation, federal courts may not entertain a private person's suit against a State." Id. (citations

omitted). The Eleventh Amendment provides, "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." Id. at 1637 n.1; see also Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89 (1984) (although express language of Eleventh Amendment only forbids suits by citizens of other States against a State, Eleventh Amendment bars suits against a State filed by its own citizens). Under Pennhurst, a State must expressly consent to suit in a federal district court, which South Carolina has not done. See S.C. Code Ann. § 15-78-20(e) (1976) (statute expressly provides that the State of South Carolina does not waive Eleventh Amendment immunity, consents to suit only in a court of the State of South Carolina, and does not consent to suit in a federal court or in a court of another state). Moreover, a state's immunity under the Eleventh Amendment also extends to its agencies, divisions, departments, officials, and other "arms of the State." See Will v. Michigan Dep't of State Police, 491 U.S. 58, 70 (1989); see also Regents of the Univ. of California v. Doe, 519 U.S. 425, 429 (1997) ("[I]t has long been settled that the reference [in the Eleventh Amendment] to actions 'against one of the United States' encompasses not only actions in which a State is actually named as the defendant, but also certain actions against state agents and state instrumentalities."); Mt. Healthy Bd. of Educ. v. Doyle, 429 U.S. 274, 280 (1977) ("The bar of the Eleventh Amendment to suit in federal courts extends to States and state officials in appropriate circumstances.").

To the extent Plaintiff may be attempting to sue any other party, the Complaint fails to state any plausible claim. Rule 8(a) of the Federal Rules of Civil Procedure requires that pleadings shall contain "short and plain statement[s]" of the basis for the court's jurisdiction



and of the basis for Plaintiff's claims against Defendants. "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S 662, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). This plausibility standard requires a plaintiff to demonstrate more than "a sheer possibility that a defendant has acted unlawfully." Id. It requires the plaintiff to articulate facts that, when accepted as true, show that the plaintiff has stated a claim entitling him to relief. Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (quoting Iqbal, 129 S. Ct. at 1949; Twombly, 550 U.S. at 557). The court "need not accept the [plaintiff's] legal conclusions drawn from the facts," nor need it "accept as true unwarranted inferences, unreasonable conclusions, or arguments." Kloth v. Microsoft Corp., 444 F.3d 312, 319 (4th Cir. 2006); see also Walker v. Prince George's Cnty., 575 F.3d 426, 431 (4th Cir. 2009) (citing Semple v. City of Moundsville, 195 F.3d 708, 712 (4th Cir. 1999)).

As a result of the vague and disjointed narrative in Plaintiff's Complaint, it is impossible for the court to determine if Plaintiff can present any plausible allegation of a constitutional violation with respect to the defendants. Although the "liberal pleading requirements" of Rule 8(a) only require a "short and plain" statement of the claim, the plaintiff must "offer more detail . . . than the bald statement that he has a valid claim of some type against the defendant." Trulock v. Freeh, 275 F.3d 391, 405 (4th Cir. 2001) (internal citations omitted). Specifically, "[t]he presence [] of a few conclusory legal terms does not insulate a complaint from dismissal under Rule 12(b)(6) when the facts alleged in the complaint do not support the legal conclusion." Id. at 405 n.9 (internal quotation

*PJG*

marks and citations omitted and alterations in original).[5] Although this court is bound to liberally construe Plaintiff's *pro se* complaint, Plaintiff must do more than make mere conclusory statements to support his claim. Brown v. Zavaras, 63 F.3d 967 (10th Cir. 1995); see Adams v. Rice, 40 F.3d 72 (4th Cir. 1994) (affirming district court's dismissal of plaintiff's suit as frivolous where allegation was conclusory and nonsensical on its face); White v. White, 886 F.2d 721, 723 (4th Cir. 1989) (same, where plaintiff's complaint "failed to contain any factual allegations tending to support his bare assertion"). Due to the lack of factual allegations of specific wrongdoing attributable to specific defendants, the Complaint fails to state a claim on which relief may be granted. See Cochran v. Morris, 73 F.2d 1310 (4th Cir. 1996) (statute allowing dismissal of *in forma pauperis* claims encompasses complaints that are either legally or factually baseless); see also Inmates v. Owens, 561 F.2d 560, 562-63 (4th Cir. 1977) (dismissing a *pro se* complaint for improper pleading); Holsey v. Collins, 90 F.R.D. 122, 128 (D. Md. 1981).

---

[5] The Supreme Court in Iqbal, and the Fourth Circuit in Trulock, addressed pleading standards in the procedural context of a Rule 12(b)(6) motion. However, this court finds that those standards also apply in the court's initial screening of a complaint pursuant to §§ 1915(e)(2) and 1915A, since Iqbal discusses the general pleading standards of Rule 8, which apply in all civil actions. Iqbal, 129 S. Ct. at 1949-51. Moreover, §§ 1915(e)(2) and 1915A(b) permit *sua sponte* dismissal of a complaint that fails to state a claim upon which relief can be granted, which is essentially the same standard found in Rule 12(b)(6). See McLean v. United States, 566 F.3d 391, 396 (4th Cir. 2009) ("When the word 'dismissed' is coupled with the words '[for] fail[ure] to state a claim upon which relief may be granted,' the complete phrase has a well-established legal meaning.").

PJG

## RECOMMENDATION

Accordingly, the court recommends that Plaintiff's Complaint in the above-captioned case be summarily dismissed, without prejudice and without issuance and service of process.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

February 27, 2012
Columbia, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).